IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | |
| | § | CIVIL ACTION NO. _____ |
| HOUSTON FUNDING II, LTD, and HOUSTON FUNDING CORPORATION | § § § | |
| *Defendants*. | § | JURY TRIAL DEMANDED |

ORIGINAL COMPLAINT
OF THE
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

NATURE OF THE ACTION

1. This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to afford appropriate relief to Donnicia Venters, who was adversely affected by such practices. As alleged with greater particularity in paragraphs 11-21 below, Defendants Houston Funding II, Ltd., and Houston Funding Corporation (collectively "Houston Funding") unlawfully discriminated against Ms. Venters because of her pregnancy, childbirth, or related medical conditions by terminating her employment.

JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

3. Venue is proper within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

4. The employment practices alleged to be unlawful were committed in Houston, Texas, which is within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

**PARTIES**

5. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f) of Title VII, 42 U.S.C. Section 2000e-5(f)(1).

6. At all relevant times, Defendant Houston Funding II, Ltd., has continuously been a Texas limited partnership doing business in the state of Texas and the city of Houston, and has continuously had at least fifteen (15) employees. Houston Funding II, Ltd., may been served with process by serving its registered agent, Harry E. Cagle, 2620 Fountainview, Suite 305, Houston, Texas 77057.

7. At all relevant times, Defendant Houston Funding II, Ltd., has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Section 2000e-(b), (g) and (h).

8. At all relevant times, Defendant Houston Funding Corporation has been a Texas corporation doing business in the state of Texas and the city of Houston, and has continuously had at least fifteen (15) employees. Houston Funding Corporation may been served with process by serving its registered agent, Harry Cagle, 2620 Fountainview, Suite 305, Houston, Texas 77057.

9. At all relevant times, Defendant Houston Funding Corporation has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Section 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

10. More than thirty days prior to the institution of this lawsuit, Donnicia Venters filed a charge with the Commission alleging violations of Title VII, and all conditions precedent to the institution of this lawsuit have been fulfilled, including the timely filing of a charge and an attempt to conciliate the matter.

11. On or about February 2009, Defendants engaged in unlawful employment practices at their facility in Houston, Texas, in violation of Sections 703(a)(1) and 701(k) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e(k).  The practices include subjecting Ms. Venters to unlawful sex discrimination on the basis of pregnancy, childbirth, or related medical conditions.

12. In March 2006, Venters began working for Houston Funding as an Account Representative.  Around December 1, 2008, Venters took maternity leave, pursuant to Houston Funding's practice and policy of permitting employees to take open-ended leave for surgeries or other medical issues, and then to return to their jobs after being released by physicians to return to work.

13. On December 11, 2008, Venters's baby girl was delivered (via Caesarean procedure).

14. While on leave, Venters consistently kept in contact with management to assure them that she would be returning to work. Venters contacted General Floor Manager Robert Fleming, who was in her chain of supervision, at work at least once a week during her leave.

15. Additionally, throughout the period she was off work, Venters continued to pay her insurance premiums directly through the Human Resources department. After the birth of the child, her husband would come by the office to drop off the checks or money orders to pay for the insurance.

16. Houston Funding President Harry Cagle had promised to save a spot for Venters until her return. Floor Manager Fleming relayed to Cagle that upon Venters's return, Venters was contemplating bringing a breast pump to the office. Cagle responded to Fleming, "No. Maybe she needs to stay home longer."

17. Around Monday, February 16, 2009, Venters left a voice message on Cagle's work telephone number. She was calling to schedule her return to work.

18. The following day, Venters called Cagle again, and succeeded in speaking to him. She informed him that she wanted to schedule her to return to work, and asked if it would be OK upon her return for her to use a breast pump in one of the back rooms. While Cagle had been friendly at the beginning of the call, he paused for several seconds after she mentioned the breast pump, and then stated, "well, we filled your spot."

19. Venters asked what he meant by telling her that her spot had been filled, and he stated "well, we thought you were not coming back." Venters asked how that could be the case when she had discussed with Fleming, Randall, Williams, and HR Representative Laura Stewart her intent to return. Venters asked Cagle to tell her the alleged date of her termination. Cagle asked Venters to call back.

20. Over a week later, around February 26, 2009, Venters received by certified mail a termination letter dated February 16, 2009, which claimed that Houston Funding had "terminated [her] employment due to job abandonment effective February 13, 2009."

21. The firing of Ms. Venters was motivated by her pregnancy, childbirth, and her related medical condition of lactation.

22. The effect of these unlawful practices has been to deprive Ms. Venters of equal employment opportunities, and to otherwise adversely affect her status as an employee because of her sex (pregnancy, childbirth, and lactation).

23. The unlawful employment practices complained of above were intentional.

24. Defendants, at all relevant times, have been acting with malice or reckless indifference to the federally protected rights of Ms. Venters in violation of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in pregnancy discrimination, and any other employment practice which discriminates on the basis of sex.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees regardless of their sex, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make whole Donnicia Venters, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not

D.Order Defendants to make whole Donnicia Venters, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11 – 21, above, including medical expenses, the value of lost insurance benefits, and job search expenses, in an amount to be determined at trial.

E.Order Defendants to make whole Donnicia Venters by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 11–21, above, including emotional pain and suffering, in an amount to be determined at trial.

F.Order Defendants to pay Donnicia Venters punitive damages for their malicious and reckless conduct described in paragraphs 16–21, above, in amounts to be determined at trial.

G.Grant such further relief as the Court deems necessary and proper in the public interest.

H.Award the Commission its costs of this action.

## JURY TRIAL DEMANDED

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        131 M Street, N.E.
        Washington, D.C. 20507


        _/s/ Timothy_M._Bowne_____
        Timothy M. Bowne
        Senior Trial Attorney
        Attorney-in-Charge
        Texas Bar No. 00793371
        Southern District of Texas No. 20023
        Houston District Office
        1919 Smith Street, 7th Floor
        Houston, Texas 77002
        Phone: (713) 209-3395
        Fax: (713) 209-3402
        Email: timothy.bowne@eeoc.gov

OF COUNSEL:

JIM SACHER
Regional Attorney
ROSE ADEWALE-MENDES
Supervisor Trial Attorney
Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor Houston, Texas 77002