| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

Equal Employment　　　　　　§
Opportunity Commission,　　　§
　　　　　　　　　　　　　　§
　　　　　　Plaintiff,　　　　§
　　　　　　　　　　　　　　§
versus　　　　　　　　　　　§　　　　Civil Action H-11-2442
　　　　　　　　　　　　　　§
Houston Funding II, Ltd., et al.,　§
　　　　　　　　　　　　　　§
　　　　　　Defendants.　　　§

# Opinion on Summary Judgment

1. *Introduction.*

   The commission sued an employer, saying it fired a worker because she wanted to pump breast-milk while at work. The employer says that sex discrimination does not include that aspect of motherhood. The employer will prevail.

2. *Background.*

   In 2006, Donnicia Venters started working for Houston Funding. On December 1, 2008, she took a leave of absence to have a baby. Ten days later, she gave birth to a girl. Although the company knew that she would give birth shortly, she did not talk with anyone about how long she would be gone or when she expected to return. The company had no policy on maternity leave. A few days after the birth, she talked to the vice-president, Harry Cagle, and he asked her when she would return. She said that she did not know and that the date depended on her doctor's advice. On December 20, 2008, an employee in the human-resources department sent an e-mail to Robert Fleming, a floor manager, asking him if Venters quit. He had been in contact with her and said that she had not quit and was on maternity leave.

   By January of 2009, her caesarean incision was infected, complicating her recovery. On January 9, Fleming left the company. Venters continued to call team leaders and to pay her insurance premium at the company. Between January 7 and February 6 she talked on her

cellular telephone with workers there for 115 minutes, but did not talk to Cagle. During those conversations she did not mention a date for her return, but she expressed a hope that she would be back soon.

On February 10, several employees, including Cagle, met; they decided to fire Venters. No written record of the meeting is available. The effective date of her firing was February 13.

On February 16, she was told by the doctor's office that she could return to work. That day, she did not reach Cagle by telephone, but left a message that she had the doctor's approval. The next day, she called Cagle to tell him that she was ready to return to work and wondered if she could use a back room to pump milk. Cagle told her that they had filled her spot because they had not heard from her and assumed that she abandoned the job. When she mentioned that she had been paying her premium, he responded that the insurance was her own business and was not through the company. When she asked for her firing date, he told her that he would call her back with that information.

On February 26, Venters received the letter firing her for job abandonment, dated February 16, and sent on February 20.

3. *Discrimination.*

The commission says that the company fired her because she wanted to pump breast-milk.[1] Discrimination because of pregnancy, childbirth, or a related medical condition is illegal. Related conditions may include cramping, dizziness, and nausea while pregnant.[2]

Even if the company's claim that she was fired for abandonment is meant to hide the real reason – she wanted to pump breast-milk – lactation is not pregnancy, childbirth, or a related medical condition. She gave birth on December 11, 2009. After that day, she was no longer pregnant and her pregnancy-related conditions ended.

Firing someone because of lactation or breast-pumping is not sex discrimination.[3]

---

[1] 42 U.S.C. § 2000e-2(a)(1) (2006); 42 U.S.C. § 2000e(k) (2006).

[2] *Cerrato v. Durham*, 941 F. Supp. 388, 393 (S.D.N.Y. 1996).

[3] *Puente v. Ridge*, No. M-04-267, 2005 U.S. Dist. LEXIS 46624, at *11–12 (S.D. Tex. July 6, 2005); *Martinez v. NBC Inc.*, 49 F. Supp. 2d 305, 311 (S.D.N.Y. 1999); *Jacobson v. Regent Assisted Living, Inc.*, No. CV-98-564-ST, 1999 U.S. Dist. LEXIS 7680, at *29–30 (D. Or. Apr. 9, 1999); *Wallace v. Pyro Mining Co.*, 789 F. Supp. 867, 869 (W.D. Ky. 1990).

4. *Conclusion.*

Even if Venters's claims are true, the law does not punish lactation discrimination. The Equal Employment Opportunity Commission will take nothing from Houston Funding II, Ltd., and Houston Funding Corporation.

Signed on February 2, 2012, at Houston, Texas.

Lynn N. Hughes
United States District Judge